UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Keven A. McKenna

    v.                                    Civil No. 14-cv-260-JNL

Marc DeSisto, J. Joseph
Baxter, and Paul Suttell

**SUMMARY ORDER**

Plaintiff Keven McKenna is a Rhode Island attorney who, over the course of the past several years, has been the subject of disciplinary proceedings by the Rhode Island Disciplinary Board for alleged violations of the Rhode Island Code of Professional Conduct. By the court's count, this is the third action McKenna has filed in as many years seeking to enjoin those proceedings. This court dismissed both prior actions, reasoning that, under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), it was required to abstain from exercising jurisdiction because doing so would interfere with an ongoing state administrative proceeding that both implicated an important state interest and provided an adequate opportunity for McKenna to advance his challenges. See McKenna v. Gershkoff, No. 12-cv-904 (D.R.I. July 3, 2013); McKenna v. DeSisto, No. 11-cv-602 (D.R.I. Sept. 27, 2012). McKenna unsuccessfully appealed the dismissal of the first of the two actions to the Court of Appeals, which affirmed in a summary disposition. McKenna v. DeSisto, No. 12-2217 (1st

Cir. June 10, 2013). No doubt reading the writing on the wall, he chose not to appeal the dismissal of the second.

In the present action, McKenna has filed a motion seeking an order temporarily restraining the defendants--the Chief Justice of the Rhode Island Supreme Court, an employee of that court, and the counsel specially retained to investigate and prosecute the disciplinary proceedings against McKenna--from holding a meeting to consider disciplinary counsel's recommendation that McKenna be suspended from the practice of law in Rhode Island. See Fed. R. Civ. P. 65(b). As in his previous two actions, McKenna asserts that the disciplinary proceedings against him violate both the separation of powers inherent in the Rhode Island constitution and his rights under the federal constitution, including his rights under the First Amendment.

The motion is denied. To obtain a temporary restraining order, McKenna must demonstrate that he is likely to succeed on the merits of his claim. See Brennan v. Wall, No. 08-cv-419, 2009 WL 196204, *2 (D.R.I. Jan. 26, 2009). McKenna has, however, made no effort to distinguish this action from his two previous actions or to otherwise explain why he will be able to surmount the hurdle presented by Younger, and the court, after careful consideration, perceives no distinguishing factors. It therefore

appears exceedingly unlikely that McKenna will be able to succeed in this action.

In view of that shortcoming, moreover, McKenna is directed to file a memorandum showing cause why the court should not abstain from exercising jurisdiction over this action under the Younger doctrine. The memorandum shall not exceed ten (10) pages, and shall explain why McKenna believes the court should not dismiss this dispute for the same reasons set forth in the orders dismissing his two previous actions, and the Court of Appeals' order affirming the dismissal of the first action. If McKenna believes that an exception to Younger abstention applies, he shall clearly and concisely identify that exception, and the allegations of the complaint that he believes warrant its application, in the memorandum.

McKenna shall file his memorandum **on or before June 27, 2014.** The defendants may (but need not) file a memorandum in response, also not to exceed ten (10) pages, within seven (7) days of McKenna's filing.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

June 12, 2014

cc: Samuel A. Kennedy-Smith, Esq.
    Keven A. McKenna, Esq.
    Michael W. Field, Esq.