```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

Keven A. McKenna

    v.                                            Civil No. 14-cv-260

Marc DeSisto, J. Joseph
Baxter, and Paul Suttell


**SUMMARY ORDER**

    In its Order of June 12, 2014, this court observed that plaintiff Keven McKenna previously had filed two actions in this court that, like this one, sought to enjoin an ongoing attorney disciplinary proceeding brought against McKenna for his alleged violations of the Rhode Island Code of Professional Conduct. The court noted that both those actions had been dismissed under the doctrine announced in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and ordered McKenna to show cause why "the court should not dismiss this dispute for the same reasons set forth in the orders dismissing his two previous actions, and the Court of Appeals' order affirming the dismissal of the first action." McKenna has obliged, and has filed a memorandum explaining why he believes abstention under <u>Younger</u> is not warranted here. The court is not persuaded.

    Under <u>Younger</u> and its progeny, a federal court must abstain from exercising jurisdiction over a matter "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and

(3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). McKenna wisely does not dispute that the relief he seeks would interfere with the pending disciplinary proceeding, or that this proceeding constitutes "an ongoing state judicial proceeding" that "implicates an important state interest."[1] See Brooks v. New Hampshire Supreme Ct., 80 F.3d 633, 638 (1st Cir. 1996) (holding that, for purposes of Younger abstention, "attorney disciplinary proceedings are judicial proceedings" and that "regulating attorney conduct comprises a significant state interest"). McKenna instead trains his sights on the third requirement for Younger abstention. The disciplinary proceeding does not provide him "an adequate opportunity" to present his claims, he argues, because the Rhode Island Supreme Court, which ultimately will decide whether to take disciplinary action, initiated the proceeding itself, "in essence sua sponte," and took what McKenna claims is the unprecedented step of hiring an attorney to serve as assistant disciplinary counsel and to investigate him and recommend a course of action to the Disciplinary Board and the Supreme Court. The necessary conclusion, he argues, is that the

---

[1] McKenna's memorandum does argue that the proceeding also "concern[s] federal interests," but it does not deny the state interest implicated therein.

2

Supreme Court is biased against him and cannot render a fair decision.

McKenna is correct that a federal court should not abstain from exercising its jurisdiction under Younger if the state proceeding with which the federal case would interfere is pending before a tribunal that has prejudged the facts or has a personal interest in the outcome.[2] See Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973); Esso Standard Oil Co. v. Cotto, 389 F.3d 212, 218-19 (1st Cir. 2004). But "the baseline showing of bias necessary to trigger Younger's escape mechanism requires the plaintiff to offer some evidence that abstention will jeopardize his due process right to an impartial adjudication." Brooks, 80 F.3d at 640. McKenna has offered neither evidence nor allegations that call into question the Rhode Island Supreme Court's impartiality.

All that McKenna points to in support of his claim that the Rhode Island Supreme Court is biased against him is, as just described, the fact that the court (1) initiated the proceeding itself, and (2) retained an attorney to investigate whether McKenna had violated the Code of Professional Conduct. These events, however, whether viewed alone or in conjunction, do not

---

[2] A claim that the state tribunal is biased is ordinarily considered separately from Younger's third requirement. See, e.g., Brooks, 80 F.3d at 639-40. Because, however, McKenna has collapsed the Rhode Island Supreme Court's alleged bias and the adequacy of his opportunity to present his claims to that court into a single argument, this order follows suit.

3

suggest that the court has prejudged the facts in a manner that would deprive McKenna of his right to an impartial adjudication. Indeed, the United States Supreme Court has specifically rejected the contention that a party is denied that right when the entity initiating proceedings and the adjudicator are one and the same. Withrow v. Larkin, 421 U.S. 35, 46-55 (1975). It has similarly held that a party is not denied that right when the adjudicator investigated the facts itself, see id.; it follows that the right to impartial adjudication is not violated when the adjudicator appoints an investigator.[3]

To be sure, facially innocuous practices and procedures can still be employed in a way that deprives a party its right to an impartial adjudication, as the Withrow Court recognized. See id. at 54-55 (commenting on the "possibilities of bias that may lurk in the way particular procedures actually work in practice"). In the absence of some evidence that those practices and procedures have in fact been employed in that manner, however, the mere fact that they were used in the first place does not establish bias on the part of the adjudicator. Although McKenna characterizes the Rhode Island Supreme Court's conduct as "extraordinary," "pre-

---

[3]The court notes that Article III, Rule 5(a) of the Rhode Island Supreme Court Rules of Disciplinary Procedure empower the Rhode Island Supreme Court to appoint such assistant disciplinary counsel "as may from time to time be required." Those Rules are, in turn, authorized by R.I. Gen. Laws § 8-1-2, which empowers the Supreme Court to "regulate the admission of attorneys to practice in all the courts of the state" "by general or special rules."

4

textual," "persecut[ory]," and "targeted," he has not provided any evidence to that effect, and "the presumption of judicial impartiality cannot be trumped by free-floating invective, unanchored to specific facts." Brooks, 80 F.3d at 640.

The court accordingly concludes that abstention is required under Younger. The case is dismissed.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: July 31, 2014

cc: Samuel A. Kennedy-Smith, Esq.
    Keven A. McKenna, Esq.
    Marc DeSisto, Esq.
    Michael W. Field, Esq.